IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 22-53-8 |
| | ) | |
| | ) | Judge Robert J. Colville |
| NATALIA HARTNETT, | ) | |
| | ) | |
| | ) | |

## MEMORANDUM ORDER

Before the Court is the Motion to Reinstate Bond (ECF No. 498) filed by Defendant, Natalia Hartnett on May 12, 2023. The Government filed a Response in Opposition (ECF No. 511) on June 7, 2023. The motion is fully briefed and is ripe for disposition.

Ms. Hartnett's bond was revoked in this matter following an October 25, 2022 Hearing on Petition for Action of Pretrial Release. The Court summarized the relevant violations, conditions of release, and procedural history on the record during the October 25, 2022 hearing. During that hearing, the Court found evidence that Ms. Hartnett had committed numerous violations of several of her conditions of pretrial release, and the Court found that Ms. Hartnett was unlikely to abide by any condition or combination of conditions of release. Accordingly, the Court revoked Ms. Hartnett's bond pursuant to 18 U.S.C. § 3148(b), and remanded Ms. Hartnett to the custody of the United States Marshal Service pending trial. Ms. Hartnett now requests to be released from custody and placed into an inpatient facility for a 90-day treatment program, followed by home arrest or home confinement upon her successful completion of the inpatient program. Mot. 1-2.

The Government filed a Response in Opposition to Ms. Hartnett's Motion and Ms. Hartnett's Motion also makes clear that the United States Probation Office does not consent to the

1

relief requested in her Motion. *Id.* at 2. Ms. Hartnett's Motion also fails to identify the legal basis on which she seeks the relief requested by way of the Motion. The Motion can most fairly and appropriately be constructed as a motion seeking reconsideration of the Court's October 25, 2022 Order (ECF No. 407) revoking Ms. Hartnett's Bond. The Court also notes that:

> [A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). Regardless of the legal basis for the relief sought, the Court finds that Ms. Hartnett's inability to assert a single basis for the Court to reconsider its prior Order is insufficient to support the relief requested in her Motion to Reinstate Bond, and the Court will deny the Motion.

> While not specifically provided for by the Federal Rules of Criminal Procedure:
>
> "Motions for reconsideration may be filed in criminal cases." *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Bennett*, 514 F. App'x 151, 153-54 (3d Cir. 2013). Courts apply the same standards to motions for reconsideration filed in a criminal case as those used in the civil context. The Court of Appeals for the Third Circuit has held that a Motion for Reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

*United States v. Jackson*, No. CR 18-216, 2020 WL 2557339, at *1 (W.D. Pa. May 19, 2020). Ms. Hartnett has not provided a single basis for the Court to rely on when making its decision, outside of her wish to attend inpatient treatment, and does not challenge the Court's previous decision to revoke bond. Therefore, the Court can only assume that Ms. Hartnett is relying on either: (1) the availability of new evidence that was not available previously, if she is seeking reconsideration of the Court's decision to revoke bond; or (2) information that was not known to Ms. Hartnett at the time of the hearing and that has a material bearing on the issue of whether there are conditions of

release that will reasonably assure the appearance of such person as required and the safety of any other person and the community, if she is seeking relief under 18 U.S.C. § 3142(f).

At the October 25, 2022 Hearing, this Court determined that Ms. Hartnett violated several of the conditions of her pretrial release on numerous occasions, and that she was unlikely to abide by any condition or combination of conditions of release. As summarized during the hearing, Ms. Hartnett: (1) failed drug tests and failed to attend outpatient treatment as directed by Pretrial Services and (2) violated her conditions to not violate federal, state, or local law and to report law enforcement contact. Despite this, Ms. Hartnett now asks the Court to release her on bond to attend inpatient treatment followed by home arrest or confinement. She offers no explanation as to why she will now attend and complete inpatient treatment, despite numerous previous attempts[1]. Further, she offers no explanation or reason for why her desire to now attend inpatient treatment, when weighed against the numerous, consistent, and persistent violations of her bond in this matter, could or should alter the Court's determination that she is unlikely to abide by any condition or combination of conditions of release. To the extent that Ms. Hartnett's Motion seeks reconsideration of the Court's Order revoking her Bone, the Motion must be denied.

Further, while the Court may reopen a detention hearing under 18 U.S.C. § 3142(f), Ms. Hartnett's Motion does not set forth a sufficient basis to warrant such relief. While the Court encourages any defendant's participation in inpatient treatment, Ms. Harnett violated several of the conditions of her pretrial release on numerous occasions including drug use and failure to

---

[1] This includes two failed attempts to attend and complete inpatient treatment directly prior to the Court's revocation of Ms. Hartnett's bond on October 25, 2022. Prior to the October 25, 2022 revocation hearing, the Court scheduled a revocation hearing for October 5, 2022. At the October 5, 2022 hearing, the parties reached an agreement and the Court Ordered Ms. Hartnett to report to inpatient treatment by October 7, 2022, or the Court would schedule another revocation hearing. Ms. Hartnett entered inpatient treatment on October 7, 2022. However, she left treatment on October 10, 2022. Following communications between Ms. Hartnett and the inpatient facility, she returned to the inpatient facility on October 12, 2022. However, Ms. Hartnett left the facility again on October 14, 2022, leading the Court to schedule the October 25, 2022 bond revocation hearing.

attend inpatient treatment. Her new desire to attend inpatient treatment, while commendable, is simply not adequate "new information" in this case that is sufficient to warrant reopening the detention hearing, especially in light of Ms. Hartnett's numerous violations of her conditions of pretrial release.

Accordingly, for the reasons discussed above, it is hereby ORDERED that Ms. Hartnett's Motion to Reinstate Bond is denied.

*s/Robert J. Covlille*
Robert J. Colville
United States District Judge

Dated: June 28, 2023

cc: Counsel of Record via CM-ECF
U.S. Probation Office

.